Sherry Z. SPICUZZA, n/k/a Sherry
Zink, Petitioner/Respondent,

v.

Anthony L. SPICUZZA, Jr.,
Respondent–Appellant.

No. 65435.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 18, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 17, 1994.

Leonard J. Frankel, St. Louis, for appellant.

Bruce Hilton, St. Louis, Lawrence G. Gillespie, Webster Groves, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Anthony L. Spicuzza, Jr., ("husband") appeals from a ruling of the Circuit Court of the County of St. Louis sustaining a motion filed by respondent, Sherry Zink, ("wife") setting aside a decree of dissolution and reinstating the case as a contested cause of action. We reverse.

The parties herein were married on June 3, 1966, and at the time of the dissolution, had three children. On May 30, 1991, wife filed a petition for dissolution. The decree was issued on January 12, 1993. The parties then executed a formal separation agreement disposing of their property. This agreement was filed with the court on February 10, 1993, and incorporated into the dissolution decree.

On March 12, 1993, wife filed a motion to set aside, vacate, amend or modify the decree of dissolution, or in the alternative for relief pursuant to Rule 74.06. An amended motion was filed on March 31, 1993. In these motions, wife argued that based upon representations made by the court at a pretrial conference, she believed her State Teachers' Retirement was an economic factor to be considered when dividing property. On February 16, 1993, subsequent to the parties entering into the separation agreement, this Court

handed down *Gismegian v. Gismegian,* 849 S.W.2d 201 (Mo.App.E.D.1993), which established that, pursuant to RSMo § 169.572 (Cum.Supp.1993), the State Teachers' Retirement was separate property and could not be considered in the division of marital property. It was on this holding that wife based her motion.

The motion was finally heard on January 6, 1994, at which time the court purportedly sustained wife's motion, set aside the decree, held it for naught, and reinstated the cause to be reset as a contested matter. It is from this action of the motion court that husband now appeals.

Two points are raised on appeal. First, husband argues the court erred in setting aside the decree of dissolution where the basis for the motion was an off-the-record pretrial conference. Second, husband contends it was error for the court to set aside the decree where, even without considering the State Teachers' Retirement as an economic factor, wife received more than fifty percent of the marital property.

■ Although neither party addressed the issue, we first consider whether the trial court had jurisdiction to enter its order sustaining wife's motion. We take up the issue of jurisdiction *sua sponte* as we always have the duty to inquire and determine whether jurisdiction is proper. *Murphy v. Murphy,* 716 S.W.2d 870, 871 (Mo.App.W.D.1986).

■ It is undisputed "[t]he court's order as it affects distribution of marital property shall be a final order not subject to modification." RSMo § 452.360.2 (1986); *Mottel v. Mottel,* 664 S.W.2d 25, 26 (Mo.App.E.D.1984). However, wife indicated her motion was brought under Rule 74.06, which states in pertinent part:

(b) **Excusable Neglect–Fraud–Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

(2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.[1]

Thus, although the trial court may not *modify* a property distribution, Rule 74.06 allows the decree of dissolution, as well as any division of property incorporated or included therein, to be set aside for one of the above-listed reasons.

■ In paragraph "8" of her motion, as well as in the prayer for relief, wife specifically states:

8. Petitioner does not seek to set aside or vacate the Decree of Dissolution, but in the alternative, seeks to *amend* or *modify* the division of property provisions of said Decree.

WHEREFORE, based on the foregoing, and for good cause shown, Petitioner prays this Court enter its Order vacating, amending, or setting aside the Decree of Dissolution entered on January 12, 1993 *as it pertains to the division of marital property.* (emphasis added).

Wife's motion and the court's subsequent order sustaining the motion, indicate that Rule 74.06 was the basis for such action. However, we note Rule 74.06 makes no provision for the amendment or modification of a judgment, or for relief from part of a judgment, as was requested by wife.

Additionally, wife's motion argues that because the State Teachers' Retirement was not set aside as separate property, the Separation Agreement as incorporated into the decree was "unconscionable". Unconscionability is not listed in Rule 74.06 as a basis for "reliev[ing] a party ... from a final judgment...."

As such, we find wife's motion, although identified by wife as a Rule 74.06 motion,

---

1. In addition, Rule 74.06(c) establishes that motions brought pursuant to subdivision (b) do not affect the finality of the judgment, and such motions "shall be made within a reasonable time ... [and] not more than one year after the judgment or order was entered."

fails to meet the specific requirements of that rule. The trial court was without jurisdiction to rule on wife's motion. *See Burns v. Director of Revenue,* 784 S.W.2d 918, 920 (Mo. App.W.D.1990).

Based on the foregoing, the order of the trial court granting wife's Rule 74.06 motion is reversed.[2]

REINHARD, P.J., and CRANDALL, J., concur.

---

**2.** Appropriately, wife's motion to dismiss appeal is denied.