Neva N. SETTLES, Appellant,

v.

William R. SETTLES, Respondent.

No. 20190.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 21, 1995.

James R. Tweedy, Bloomfield, for appellant.

C.H. Parsons, Jr., Joe Z. Satterfield, Parsons, Wilson & Satterfield, P.C., Dexter, for respondent.

GARRISON, Judge.

This appeal arises from a dissolution of marriage action filed by Appellant, Neva N. Settles (Wife) against Respondent, William R. Settles (Husband). A decree dissolving their marriage was entered on March 9, 1994 in which numerous items of marital property were divided. Included were items of personal property and the family home, which was then occupied by Wife but which was awarded to Husband. The court also entered a money judgment in favor of Wife in order to balance the equities in the division of property.

Husband filed a "Motion To Enforce Judgment" (motion) in the original dissolution action on June 3, 1994 after Wife moved from the family home. In that motion, Husband alleged that Wife had taken items of personal property which had been awarded to him and had detached and removed fixtures from the home, causing damage in the process. He requested that the property be returned and the damages repaired or, in the alternative, that he be given credit on the money judgment entered in Wife's favor equal to the value of the items and the cost of repairing the damage.

After an evidentiary hearing, the trial court entered a judgment on March 13, 1995 in which it found that Wife had "removed a number of items which had been specifically awarded to (Husband), including fixtures," and in doing so had caused damage to the realty. The court also found that Wife had taken "various other items of marital personal property upon her departure which were overlooked by the Court and not divided and awarded to either party in the Judgment and Decree of Dissolution of Marriage." The judgment included the following:

Accordingly, and in part pursuant to Rule 74.06, IT IS ORDERED, ADJUDGED AND DECREED that [Wife] is awarded and shall keep all items in her possession; [Husband] is allowed a credit of $9,000.00 against the Judgment entered against him in favor of [Wife] and such credit shall be given against the payment due in April, 1995 from [Husband] to [Wife].

Wife appeals.

■ Review is under Rule 73.01(c).[1] As that rule is interpreted, we are to sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In the first of her two points relied on, Wife contests the trial court's jurisdiction to enter its judgment of March 13, 1995. She argues that the trial court effectively modified the dissolution decree, although it was final and was not subject to modification. We agree, and therefore do not reach her second point.

■ A trial court retains jurisdiction over a case for thirty days following entry of a judgment, during which time it may, for good cause, vacate, reopen, correct, amend, or modify its judgment. Rule 75.01. A judgment becomes final, however, at the expiration of thirty days following its entry. Rule 81.05. Therefore, the dissolution decree in

1. All references to statutes are to RSMo 1994, and all references to rules are to Missouri Rules of Civil Procedure (1995).

the instant case was a final judgment when Husband's motion was filed and when the judgment in question was entered. Unless applicable supreme court rules are utilized for relief from a judgment, the trial court has no jurisdiction to entertain proceedings affecting a judgment after the thirty-day period prescribed in Rule 75.01. *Cozart v. Mazda Distributors (Gulf), Inc.,* 861 S.W.2d 347, 352 (Mo.App.S.D.1993).

■ The judgment entered on March 13, 1995 effectively modified the original decree by awarding Wife some of the items of property originally awarded to Husband, and by giving him credit for an amount which the trial court presumably found was the value of the items and the amount of the damage caused by their removal. A division of marital property, however, is not subject to modification after the decree becomes final. § 452.360.2; *Spicuzza v. Spicuzza,* 886 S.W.2d 660, 661 (Mo.App.E.D.1994).

■ This is not changed by the fact that the judgment in question recited that it was "in part pursuant to Rule 74.06." [2] Under Rule 74.06, the pertinent parts of which are set out marginally,[3] a trial court has jurisdiction to entertain requests for relief from judgments and orders even after thirty days following their entry. *Cozart v. Mazda Distributors (Gulf), Inc.,* 861 S.W.2d at 352. Although a trial court may not modify a property division contained in a final decree, Rule 74.06 "allows the decree of dissolution, as well as any division of property incorporated or included therein, to be set aside" for the reasons specified in the rule. *Spicuzza v. Spicuzza,* 886 S.W.2d at 661. That relief, however, was neither requested by Husband

nor granted in the judgment in question. Rule 74.06 makes no provision for the amendment or modification of a judgment, or for relief from part of a judgment. *Id.* This, however, is what the trial court purported to do.

■ It is also true that a trial court has jurisdiction to award marital property which was overlooked or not included in the original dissolution decree. *See Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988); *State ex rel. McClintock v. Black,* 608 S.W.2d 405, 407 (Mo. banc 1980); *Ellington v. Pinkston,* 859 S.W.2d 798, 800 (Mo.App.E.D.1993). These cases indicate that such a request should be in a separate proceeding. Even if Husband's motion in the instant case were construed as a separate proceeding, it contained no allegations that any such property existed, it did not request the division of any such property, and Wife promptly objected at the hearing to any reference to property which had not been divided.

■ The trial court was without jurisdiction to modify or amend the original decree. *Spicuzza v. Spicuzza,* 886 S.W.2d at 661. A judgment entered without jurisdiction is void. *Murphy v. Murphy,* 716 S.W.2d 870, 871 (Mo.App.W.D.1986). There was also no claim presented to the trial court for division of theretofore undivided marital property. To the extent the judgment purported to divide such property, it was also void. *Blando v. Reid,* 886 S.W.2d 60, 67 (Mo.App.W.D.1994); *Rouse Co. of Mo. v. Justin's, Inc.,* 883 S.W.2d 525, 528–29 (Mo.App.E.D.1994). If a judgment is void, an appellate court acquires jurisdiction only to determine the invalidity of the judgment and

---

**2.** The judgment does not indicate which "part" was intended to be pursuant to Rule 74.06. Additionally, Husband's motion did not purport to be filed pursuant to that rule.

**3.** Rule 74.06 reads, in pertinent part:
  (b) **Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an ad-

verse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.
    . . . .
  (d) **Power of Court to Entertain Independent Action—Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. . . .

to dismiss the appeal. *Brown v. Color Coating, Inc.*, 867 S.W.2d 242, 244 (Mo.App.S.D. 1993). Because the instant judgment is void for the reasons indicated above, this appeal is dismissed.[4]

MONTGOMERY, P.J., and PARRISH, J., concur.

---

**4.** This opinion should not be interpreted as meaning that Husband cannot pursue other remedies to enforce the provisions of the dissolution decree or to seek the division of any marital property overlooked in that decree.