STATE of Missouri ex rel., Ronald F. COOPER, Relator,

v.

Honorable Charles CURLESS, Associate Circuit Judge, Twenty-eighth Judicial Circuit, Respondent.

No. 22680.

Missouri Court of Appeals, Southern District, Division One.

March 17, 1999.

Hugh F. O'Donnell, III, Kansas City, MO, Attorney for Relator.

Jeffrey L. Dawson, El Dorado Springs, MO, Attorney for Respondent.

JAMES K. PREWITT, Presiding Judge.

Reja L. Cooper and Relator were married May 9, 1992. Reja L. Cooper gave birth to three children during the marriage. The Coopers separated in October of 1997, and a dissolution of marriage was granted by Respondent on April 30, 1998, in the Circuit Court of Cedar County. Reja L. Cooper was the petitioner in the dissolution action but did not appear for the proceedings which resulted in the dissolution decree and judgment.

Thereafter, Reja L. Cooper filed a Motion to Set Aside the dissolution decree and judgment. That motion was denied on July 6, 1998, and notice of appeal to this District was filed on July 16, 1998. The appeal is pending.

On October 27, 1998, Respondent, apparently on his own initiative, notified the parties of a hearing to be held on October 30, 1998. At that hearing, the parties appeared with counsel. Respondent, "sua sponte," and without evidence being heard, entered an order setting aside the judgment and decree of dissolution, except as to that portion of it dissolving the marriage of the Coopers.

Thereafter, Relator sought prohibition in this Court and a preliminary order was entered. Respondent answered and the validity of the Order of October 30, 1998 was briefed by the parties. We conclude that the trial court had no authority to enter that order, and that it is a nullity, cannot be enforced, and should be set aside.

■ Under Rule 75.01, the trial court, on its own initiative, may make various entries affecting a judgment during a period of thirty days following the entry of the judgment. *Dickinson v. Ronwin*, 935 S.W.2d 358, 361 (Mo.App.1996); *Settles v. Settles*, 913 S.W.2d 101, 102 (Mo.App.1995).

■ After the thirty-day period provided in Rule 75.01, the trial court's jurisdiction over the judgment is confined to relief sought by a party and for the reasons presented in the parties' pleadings. *Dickinson*, 935 S.W.2d at 361. *See also Settles*, 913 S.W.2d at 102–3. The record indicates Respondent thought he could proceed under Rule 74.06, however neither party requested proceedings under that rule. The trial court has no jurisdiction following the thirty-day period prescribed in Rule 75.01, unless applicable Supreme Court Rules are utilized. *Settles*, 913 S.W.2d at 103. Here, as in *Settles*, no proceedings were utilized by the parties in the underlying action under Rule 74.06 or any other Supreme Court Rule or Missouri statute.

■ The trial court found "that one or both parties have perpetuated a fraud upon this Court, have misrepresented – made misrepresentations to the Court." No evidence was heard and, from a reading of the record, it appears that the Order was improperly based on matters coming to the attention of the court, outside of the courtroom, including hearsay.

The preliminary order is made permanent, and Respondent is directed to enter an order setting aside the order dated October 30, 1998, in the underlying action.

CROW, J., and PARRISH, J., concur.