In re the MARRIAGE OF Mary
Jo KENNEY and Richard
Grant Kenney.

Mary Jo Cone, Petitioner–Appellant,

v.

Richard Grant Kenney, Respondent–
Respondent.

No. 25671.

Missouri Court of Appeals,
Southern District,
Division One.

June 28, 2004.

Bruce A. Copeland, Copeland & Scott, Joplin, for appellant.

Gayle L. Crane, Law Office of Sotta and Crane, P.C., Joplin, for respondent.

PHILLIP R. GARRISON, Judge.

Mary Jo Cone ("Appellant") appeals from an order entered in a modification of child support proceeding filed by her former husband, Richard Grant Kenney ("Respondent"). Appellant contends that the trial court erred in terminating Respondent's obligation to make monthly payments into an account governed by the Uniform Transfer to Minors Act ("UTMA").[1] We agree and reverse.

Following Appellant's filing of a petition for dissolution of marriage, the parties entered into a "Separation Agreement" on

---

1. The UTMA account here was created pursuant to Iowa Code Section 565B.14(1) (1999) which provides:

   A custodian may deliver or pay to the minor or expend for the minor's benefit so much of the custodial property as the custodian considers advisable for the use and benefit of the minor, without court order and without regard to:

   a. The duty or ability of the custodian personally or of any other person to support the minor; or

   b. Any other income or property of the minor which may be applicable or available for that purpose.

   Transfers under the UTMA are made as a way to gift funds to a minor while giving discretion to a designated custodian to manage the funds. *In re Marriage of Rosenfeld,* 668 N.W.2d 840, 844 (Iowa 2003). *See* Section 404.094. All statutory references are to RSMo 2000 unless otherwise indicated.

June 23, 1994, that provided in pertinent part:

3. *Children's Property:* The parties have funded for each of the minor children a mutual fund with 20th Century Mutual Funds, wherein [Respondent] is the custodian for the children pursuant to the Uniform Transfer to Minors Act of Iowa.... The parties have deposited to each of the children's mutual fund accounts the sum of $150.00 per month since the inception of the accounts. [Respondent] agrees to maintain such accounts for the children's benefit and agrees to continue to make monthly payments of $150.00 to each child's mutual fund account.

. . . .

8. *Child support:* [Respondent] agrees to pay [Appellant], as and for support of the minor children of the marriage, the sum of $1,250.00 per child per month, for a total of $2,500.00 per month payable in advance on the first day of each month beginning July 1, 1994. [Respondent's] responsibility for child support with respect to each child shall terminate upon emancipation of said child. In addition, [Respondent]

shall maintain medical, dental, orthodontic, and eye insurance coverage for the minor children and [Respondent] shall pay all deductibles on said insurance coverages.[2]

On July 21, 1994, the Circuit Court of Newton County entered a "Decree of Dissolution of Marriage" which approved and incorporated by reference the entire "Separation Agreement." Neither party appealed the "Decree of Dissolution of Marriage."

Respondent filed a motion to decrease child support on June 14, 1995. The trial court granted Respondent's motion on November 16, 1995, and entered a modification decree wherein Respondent's child support obligation was reduced from $2,500 per month to $2,062.50 per month.

On January 28, 2002, Respondent filed the motion which is at issue in this appeal. Entitled "Affidavit and Motion for Termination of Child Support or in the Alternative Motion for Decrease of Child Support," this motion was subsequently amended on March 12, 2002, and again on October 16, 2002. In his motion, Respondent requested that he be relieved of paying future child support to Elizabeth based on her failure to provide him with enrollment and transcript documentation as required by Section 452.340.5.[3] He further

---

2. The record reveals that the parties have two children: Elizabeth Victoria Kenney ("Elizabeth"), born May 13, 1983, and Katherine Ann Kenney ("Katherine"), born January 3, 1986. At the time of the modification hearing, Elizabeth was a nineteen-year-old college student and Katherine was a seventeen-year-old high school junior. Respondent turned over Elizabeth's UTMA account to her when she became eighteen. At that time it had a balance of $31,932.80.

3. When a child turns eighteen, a parent's child support obligation normally ends; however, Section 452.340.5 extends the obligation to the age of twenty-two for children seeking higher education. To remain eligible for

child support under this statute, the child must give each parent "a transcript provided by the institution that show[s]: (1) the courses enrolled in; (2) the courses completed for each semester; (3) the grades and credits received for each completed course; and a transcript from the institution listing for the upcoming semester: (1) the courses enrolled in and (2) the number of credits for each course." *Morton v. Myers*, 21 S.W.3d 99, 106–07 (Mo.App. W.D.2000). Failure to provide the proper transcripts as called for by the statute does not emancipate the child, *Rogers v. Rogers*, 87 S.W.3d 368, 373 (Mo.App. W.D. 2002), but does relieve the parent of the obli-

argued that the UTMA payments should be considered child support, therefore the act of turning the UTMA account over to Elizabeth was a substantial and continuing change of circumstances which warranted reduction in his child support. Following an April 16, 2003, hearing, the trial court found:

in addition to the child support paid, Respondent has paid into the UTMA Fund $150.00 per month per child pursuant to the Separation Agreement of the parties.

The Court further finds that there has not been a substantial and continuing change of circumstance and, therefore, the current child support order is not modified.

The Court further finds that the payments by Respondent to the UTMA Fund were to cease upon the child's eighteenth (18th) birthday. Accordingly the $150.00 per month payment into the UTMA Fund for [Elizabeth] is ordered terminated. The $150.00 per payment into the UTMA Fund for [Katherine] will terminate upon her eighteenth birthday.

This appeal followed.

Appellant alleges three points of trial court error. First, she argues that the trial court's termination of Respondent's monthly obligation to contribute to the children's UTMA account was not raised in the pleadings or properly presented at trial. Second, she argues that the trial court lacked jurisdiction to amend the parties' separation agreement provision regarding the funding of the UTMA accounts by Respondent. She further alleges that the UTMA funds were clearly property be-

longing to the children as opposed to child support, therefore they were not subject to modification once the decree of dissolution became final. Third, Appellant argues that the trial court's modification of the UTMA funds was improper in that there had not been a substantial and continuing change of circumstances sufficient to warrant a modification. Finding that all of Appellant's points deal with the termination of the UTMA payments, we shall address them concurrently.

■ Review of this court-tried case is governed by the familiar principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[4] The decision of the trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* In applying this standard of review, we give due regard to the trial court's opportunity to judge the credibility of witnesses. *Cooper v. Cooper*, 893 S.W.2d 839, 841 (Mo.App. S.D.1995). If there is conflicting evidence as to the facts, this court will defer to the trial court's determination; however, we do not defer to the trial court's determination of law. *Chapman v. Lavy*, 20 S.W.3d 610, 612 (Mo.App. E.D.2000). Furthermore, "when the facts are not controverted or the case involves admitted facts, or where the evidence is not in conflict, there is no deference due the trial court's judgment." *Jones v. Jones*, 891 S.W.2d 551, 553 (Mo.App. S.D.1995).

■ We necessarily begin our analysis by determining whether or not the UTMA payments were child support payments. We find that they were not. The UTMA

gation to pay child support for that semester. *Morton*, 21 S.W.3d at 107.

**4.** *Murphy* interpreted the provision of Rule 73.01(c). The provisions of that rule now

appear in essentially the same form in Rule 84.13(d). All references to rules are to Missouri Rules of Civil Procedure (2003) unless otherwise indicated.

funds at issue are property belonging to the children as designated by the parties in their separation agreement. In that agreement, the provision relating to the UTMA funds is clearly designated as "Children's Property" and the provision related to "Child Support" is clearly designated as such on a separate page of the agreement. Further, under the applicable law, UTMA accounts are considered to be the vested property of the minor for which they were created.[5] Accordingly, these accounts were not child support under Section 452.340, nor were they marital property under Section 452.330.[6]

With this premise in mind, we turn to Appellant's argument that the trial court lacked jurisdiction to modify such a property division. The terms of a separation agreement are binding on the trial court except as they relate to the care and support of children. *Jones v. Jones*, 903 S.W.2d 277, 281 (Mo.App. W.D.1995). With that exception, where, as here, the terms of a parties' separation agreement are incorporated into a dissolution decree, the court does not retain the power to modify them. *Stark v. Thierjung*, 714 S.W.2d 830, 832 (Mo.App. E.D.1986). *See* Sections 452.360 and 452.325. Further, the doctrine of res judicata is applicable to dissolution actions as to *all property* dealt with under the original decree. *In re Marriage*

*of Quintard,* 691 S.W.2d 950, 953 (Mo.App. S.D.1985).

Here, the decree of dissolution was entered on July 21, 1994, and no appeal therefrom was perfected. Accordingly, the decree was final and res judicata as to all property with which it dealt. Thereafter, Respondent improperly attempted to modify the terms of the property division via a motion to modify child support, and the trial court erroneously allowed such a modification. Modifications to original decrees are authorized by statutes such as Section 452.370 (as to child support and maintenance) and Section 452.410 (as to custody); however, there is no statute that allows for the modification of a previous property division once it has been embodied in a final judgment.[7]

Therefore, we find that if the earlier failure to include a termination date for the UTMA payments was erroneous, it was an error that should have been attacked by Respondent on direct appeal from the original dissolution decree. Respondent chose not to avail himself of the opportunity to appeal the 1994 decree, and he may not now use a modification proceeding as a substitute for it. A motion to modify is for the purpose of addressing substantial changed circumstances. It is

---

5. The purpose of UTMA transfers is to provide a simple way for gifting money to minors while avoiding the complications of establishing a formal guardianship or trust. *In re Marriage of Rosenfeld,* 668 N.W.2d 840, 844 (Iowa 2003). When a transfer to a minor is made under UTMA, the donor relinquishes his or her title to the property. *Id. See In re Marriage of Hoak,* 364 N.W.2d 185, 189 (Iowa 1985).

6. "Bank accounts held by parties in custody for children are properly distributed as marital property absent evidence that the accounts were established as custodial accounts under the requirements of the Uniform Gift to Mi-

nors Act, Section 404.047." *Weiss v. Weiss,* 954 S.W.2d 456, 459 (Mo.App. E.D.1997). *See also S.L.J. v. R.J.,* 778 S.W.2d 239, 245 (Mo.App. E.D.1989). Here, the evidence is clear that the bank accounts at issue were set up as custodial accounts, therefore, they were the property of the children and not marital property.

7. While "[a] party can seek the distribution of an omitted marital asset, [it] cannot seek the redistribution of property covered by the decree." *Murphy v. Murphy,* 763 S.W.2d 237, 240 (Mo.App. W.D.1988) (internal citations omitted).

not for correcting alleged errors in the original decree.

The trial court was without jurisdiction to modify the original decree. *Spicuzza v. Spicuzza*, 886 S.W.2d 660, 661–62 (Mo. App. E.D.1994). Accordingly, because the trial court lacked jurisdiction to do so, it lacked the authority to terminate Respondent's UTMA payments.[8]

Therefore, we order the trial court on remand to strike the provisions modifying the UTMA payments. *See Morgan v. Ackerman*, 964 S.W.2d 865, 872 (Mo.App. E.D.1998). This matter is reversed and remanded to the trial court for entry of an amended judgment consistent with this opinion.

BARNEY, P.J., and PREWITT, J., concur.

---

8. While we decline to specifically address Appellant's other points, we do note that our result here is influenced by the fact that the UTMA accounts were property belonging to the children and not child support. *See Williams v. Williams*, 17 S.W.3d 559, 563 (Mo.App. E.D.1999); *Daniels v. Daniels*, 675 S.W.2d 29, 36 (Mo.App. E.D.1984). The children were not joined in the litigation of this matter and were unable to defend their interests. *See* Rule 52.04. We find this to be significant based on the fact that the trial court terminated the payments to Elizabeth's UTMA account, and prospectively terminated the payments to Katherine's UTMA account upon her eighteenth birthday, despite the fact that Iowa Code Section 565B.1 defines a "minor" as "an individual who has not attained the age of twenty-one years."