In re the MARRIAGE OF Janet S. ROLFES and Charles T. Rolfes.

Janet S. Rolfes, Petitioner–Appellant,

v.

Charles T. Rolfes, Respondent–Respondent.

No. 27050.

Missouri Court of Appeals, Southern District, Division One.

April 5, 2006.

Mark J. Millsap, J. Matthew Miller, Springfield, for Appellant.

James R. Sharp, Springfield, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

On January 10, 2002, judgment was entered dissolving the marriage of Charles T. Rolfes ("Respondent") and Janet S. Rolfes ("Appellant"). The judgment incorporated a separation agreement entered into by Respondent and Appellant, which the court found to be conscionable. In pertinent part, Respondent agreed to maintain a life insurance policy in the face amount of at least $566,596.00 on his life as the named insured for the benefit of Appellant as the sole irrevocable beneficiary until the death of Appellant. The agreement also provided that the purpose of the insurance policy was to "provide support and maintenance of the [Appellant] in the event of [sic] Respondent should predecease [Appellant]." The judgment and dissolution of decree was never appealed by either party. Respondent brought a motion for relief from judgment and decree of dissolution of marriage two years after entry of judgment.[1]

In his motion for relief, Respondent stated, "it is not equitable to require the Respondent to maintain [a] life insurance policy benefiting [Appellant] after [Appel-

---

1. Appellant also brought a motion for specific performance of post-judgment agreement, which the trial court ruled upon; however, on appeal neither party challenges the ruling made pursuant to that motion. We, therefore, do not address that ruling of the trial court.

lant] is no longer eligible to receive maintenance." Respondent argued that the purpose of the policy of life insurance was to "provide for [Appellant's] support and maintenance in the event of [his] death." Respondent requested that the court find that his obligation to maintain a policy of life insurance would terminate when Appellant is no longer eligible to receive maintenance.

The trial court, without receiving any evidence on the issue, granted Respondent's request on an "equitable basis" and modified the insurance provision to relieve Respondent of his obligation when his maintenance obligation was completed. Appellant brings one point on appeal, claiming that the trial court had no authority to change the contractual provision of the dissolution decree as it was a final, and unappealed, judgment of the court. We agree and reverse.

▮▮▮▮ This Court will affirm the decision in a court-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously applies, or it erroneously misstates the law. *In re Marriage of Kenney*, 137 S.W.3d 487, 490 (Mo.App. S.D.2004). We give due regard to the trial court's opportunity to judge the credibility of the witnesses, and if conflicting evidence exists, we will defer to the trial court's determination. *Id.* If facts are uncontroverted or admitted and the evidence is not in conflict, then no deference is due the trial court's judgment. *Id.*

▮▮▮▮ The separation agreement was found to be fair and conscionable in the initial dissolution. When the court finds the separation agreement to be conscionable, the terms of a separation agreement are binding on the trial court except as they relate to the care and support of children. *Id.* at 491; section 452.325.2.[2] With those exceptions, the court does not retain the power to modify the terms of the separation agreement, which is incorporated into a judgment and decree of dissolution. *Kenney*, 137 S.W.3d at 491. Further, it is undisputed that a trial court's order " 'as it affects distribution of marital property shall be a final order not subject to modification.' " *Kolar v. Kolar*, 114 S.W.3d 440, 442 (Mo.App. W.D.2003) (quoting section 452.330.5); section 452.360.2.[3] The doctrine of res judicata applies to dissolution actions as to all property addressed within the original decree. *Kenney*, 137 S.W.3d at 491.

Here, the decree of dissolution was entered on January 10, 2002, and neither party appealed. As a result, the judgment was final and res judicata as to all property with which it dealt. Respondent's attempt to modify and amend the original decree through his motion for relief from judgment and decree of dissolution of marriage is unauthorized by sections 452.325.2 and 452.360.2.

Respondent's further contention that the trial court had the power to amend the provisions of the judgment pursuant to rule 74.06(b)[4] is without merit. In *Spicuz-*

2. Section 452.325.2 states in pertinent part: [T]he terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

3. Section 452.360.2 provides: "[t]he court's judgment of dissolution of marriage or legal separation as it affects distribution of marital property shall be a final judgment not subject to modification."

4. Rule 74.06(b) provides in pertinent part, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order

*za v. Spicuzza,* 886 S.W.2d 660 (Mo.App. E.D.1994), appellant appealed the judgment of the trial court sustaining respondent's motion to set aside, vacate, amend or modify a decree of dissolution. *Id.* at 661. The appellate court considered the issue of jurisdiction *sua sponte* and, in considering its jurisdiction, acknowledged that rule 74.06 allows, "any division of property incorporated or included therein, to be *set aside*," but the rule does not allow for amendment of judgment or relief from part of a judgment. *Id.* (emphasis added). "Rule 74.06 makes no provision for the amendment or modification of a judgment, or for relief from *part* of a judgment, as was requested," and the trial court had no jurisdiction to rule on the respondent's motion as she failed to meet the specific requirements of that rule. *Id.* at 661–62 (emphasis added).

Likewise, in *Settles v. Settles,* 913 S.W.2d 101 (Mo.App. S.D.1995), this Court found a trial court's judgment void and dismissed the appeal when the trial court modified but did not set aside an original decree of dissolution. *Id.* at 103–104. This Court recognized that rule 74.06 enables the court to *set aside* a decree of dissolution and division of property for reasons specified in the rule but a petition to set aside was never requested nor granted. *Id.* Rule 74.06 makes no provision for *amendment* or modification of *part* of a judgment. *Id.* Because the trial court had no jurisdiction to modify or amend the decree and petitioner raised no other justiciable issue, the trial court did not have jurisdiction to modify the original decree, and, therefore, the trial court's judgment was declared invalid, and the appeal was dismissed. *Id.* at 103–104.

for the following reasons: ... (5) ... it is no longer equitable that the judgment remain in

In its judgment on Respondent's motion for relief from judgment and decree of dissolution of marriage, the trial court stated, "[t]he Court finds that equity requires the Judgment and Decree of Dissolution to be *amended* so as to require Respondent to provide life insurance for the benefit of the [Appellant] only until Respondent's maintenance obligation is satisfied in full." (emphasis added). The trial court had no authority pursuant to rule 74.06(b) to amend that provision of the original judgment and decree of dissolution; therefore, the provision in the judgment amending Respondent's obligation to maintain life insurance for the benefit of Appellant was invalid.

We determine the provision of the judgment amending Respondent's obligation to provide life insurance to be void; we remand the judgment in order for the trial court to strike that provision. The judgment is reversed and remanded to the trial court for entry of an amended judgment consistent with this opinion.

PARRISH, J., SHRUM, J., concur.

LYNCH, J., recused.