Christine MEISSNER, Appellant,

v.

Jeffrey SCHNETTGOECKE, Respondent.

No. ED 87883.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 2007.

Charles P. Todt, Clayton, MO, for appellant.

Kirk J. Wittner, Clayton, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Christine Meissner ("Wife") appeals from a judgment entered by the Circuit Court of St. Louis County granting Jeffrey Schnettgoecke's ("Husband") Motion to Enforce Separation Agreement and to Complete Qualified Domestic Relations Order ("the Motion"). Wife contends the motion court lacked jurisdiction to modify the separation agreement ("the Agreement") incorporated into the dissolution decree after the dissolution decree was final.[1] Because we agree that the motion

---

1. In point two, Wife challenges the motion court's admission of extrinsic evidence at the

court lacked jurisdiction, the judgment is void and we reverse and remand.

### Statement of the Facts and Proceedings Below

The trial court approved and incorporated the Agreement into the Decree of Dissolution on March 13, 2005. Neither party appealed the judgment and dissolution decree.

Section 4 of the Agreement, denominated "Deferred Compensation Plans", provided as follows:

4.01 *Retirement and Pension Plans*

(1) [Husband] has an interest in a 401(K) with RehabCare Group estimated to have a value of $97,102.20. [Husband] shall be awarded one-hundred percent (100%) of this plan as his sole and separate property and [Wife] waives any right, title or interest she may have in this fund.

(2) [Wife] has an interest in a 401(K) with The Boeing Company estimated to have a value of $82,556.57. [Wife] shall be awarded one-hundred percent (100%) of this plan as her sole and separate property and [Husband] waives any right, title or interest he may have in this fund.

(3) [Wife] has an interest in a pension plan with The Boeing Company estimated to have a value of $35,484.00. [Husband] shall be awarded $20,000.00 of said pension via a Qualified Domestic Relations Order [QDRO], which will be attached and incorporated into this agreement by reference.

On August 4, 2005, Husband filed the Motion. In the Motion, Husband asserted that: (1) Section 4.01(3) of the Agreement

awarded Husband $20,000 via a QDRO from Wife's Boeing pension plan, (2) the QDRO could not be effectuated because the pension plan lacked sufficient funds, and (3) according to Boeing's administrator, the retirement account prevented Husband from receiving the $20,000.00 until Wife retired. As a result of his inability to immediately obtain the $20,000.00 from Wife's pension plan, Husband requested the motion court to enter an order substituting Wife's 401(k) account for the pension plan as the source for the $20,000 intended to be paid from the pension plan. After a hearing, the motion court granted the Motion, in pertinent part, as follows:

Respondent is awarded the sum of $20,000.00 to be paid from Petitioner's Boeing Company Voluntary Investment Plan [401(k)] by way of a Qualified Domestic Relations Order. Petitioner shall execute any forms necessary to complete said transaction. It is further ordered that Petitioner shall retain as her exclusive property her Boeing Pension Plan. In all other respects, the Judgment and Decree of Dissolution shall remain in force and effect.

Wife appeals.

### Discussion

In Wife's point, she argues the motion court lacked jurisdiction to modify the marital property distribution in the Agreement after the dissolution decree became final. Husband counters that because the circuit court retains jurisdiction to modify a QDRO, the motion court did not err when it awarded $20,000.00 to Husband from Wife's 401(k) plan.

 In general, "[w]hen a judgment of the trial court distributing marital prop-

hearing on the Motion. In light of our disposition of Wife's first point, we decline to ad-

dress point two.

erty becomes final, it may not be modified in the same case." *Chrun v. Chrun,* 751 S.W.2d 752, 755 (Mo. banc 1988). "When the terms of a parties' separation agreement are incorporated into a dissolution decree, the court does not retain the power to modify them." *Stark v. Thierjung,* 714 S.W.2d 830, 832 (Mo.App. E.D.1986). Although a party can seek the distribution of an omitted marital asset, the party "cannot seek redistribution of property covered by the decree." *In Re Marriage of Quintard,* 691 S.W.2d 950, 953–954 (Mo.App. S.D. 1985). Here, the trial court entered judgment granting a decree of dissolution incorporating the Agreement and neither party appealed. Accordingly, the judgment was "final ... as to all property with which it dealt." *In Re Marriage of Rolfes,* 187 S.W.3d 355, 357 (Mo.App. S.D.2006).

■ The legislature permits "orders intending to be qualified domestic relations orders" to be modified: (1) "for the purpose of establishing or maintaining the order as a qualified domestic relations order" or (2) "to revise or confirm [the QDRO's] terms so as to effectuate the express intent of the order." Section 452.330.5.[2] Section 452.330.5 "has been interpreted to mean that the court retains continuing jurisdiction, to establish, to maintain, or to revise a QDRO to ensure that it is 'qualified.'" *Shelton v. Shelton,* 201 S.W.3d 576, 580 (Mo.App. W.D.2006). Qualification "is a specific procedure for federal recognition of state property in ERISA Plans." *Ochoa v. Ochoa,* 71 S.W.3d 593, 596 (Mo. banc 2002). The process of qualification is not intended to "change a party's adjudicated property rights." (internal citations omitted.) *Id; also see Young v. Young,* 152 S.W.3d 887, 890 (Mo.App. W.D.2005) (circuit court

lacks jurisdiction to modify QDRO to increase amount of award from pension).

■ The motion court's order awarding Husband the $20,000 from Wife's 401(k) "by way of a [QDRO]" rather than from the Wife's pension plan, as provided for in the Agreement, fails to fit within the ambit of either exception delineated in Section 452.330.5. First, the Agreement provided for the establishment of a QDRO to permit Husband to obtain $20,000 from Wife's pension plan. However, the motion court's order does not address either the establishment or the maintenance of a QDRO designed to effectuate the Husband's $20,000 interest in the Wife's pension plan. Rather, the order eliminates Husband's interest in Wife's pension plan and substitutes it with an interest in Wife's 401(k). Second, the motion court's order does not revise or conform the pension plan QDRO to "effectuate the express intent of the order." Based on the unambiguous terms of the Agreement, the parties intended to require the creation of a QDRO to effectuate Husband's interest in Wife's pension plan. In contrast to the motion court's order, the Agreement contains no terms which express an intent to create a QDRO designed to give Husband an interest in Wife's 401(k).

Husband contends that the motion court's substitution of the 401(k) as the source of the $20,000.00 should be affirmed because the "Trial Court had the power to modify the QDRO so that [Husband] will receive monies due under the decree." Relying on *Muenz v. Muenz,* 99 S.W.3d 4 (Mo.App. E.D.2002), Husband argues that Section 452.330.5 permits the motion court to, in essence, redefine Husband's and

---

**2.** All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise noted.

Wife's respective interests in the 401(k) plan as well as the pension plan.

*Muenz* is entirely distinguishable from the circumstances here. In *Muenz,* the husband appealed, *inter alia,* from an amended judgment of dissolution in which the trial court distributed the marital portion of the wife's defined benefit plan equally between the parties in a QDRO but assigned no value to the plan, leaving the husband unable to determine the value of his interest. Recognizing that because the order was intended as a QDRO and, the trial court, therefore, retained jurisdiction over it, we held that, once the employer designated the value of the plan, the trial court could hold a hearing to "perform the ministerial computation of dividing the marital portion of the plan by two." 99 S.W.2d at 10. In short, the trial court distributed the pension plan equally in the final decree and the motion court retained jurisdiction to effectuate an equal distribution of the identical plan previously distributed by the trial court. *Id.* Nowhere in *Muenz* did we hold that a trial court retained jurisdiction to alter the respective interests of the parties, as occurred here. Moreover, it is not possible to describe the court's order here as performing a "ministerial computation."

Husband's reliance on *Baird v. Baird,* 843 S.W.2d 388 (Mo.App. E.D.1992) and *Seal v. Raw,* 954 S.W.2d 681 (Mo.App. W.D.1997) is likewise unavailing. In *Baird,* we held that a mother could garnish a father's pension, using a QDRO, as a means of enforcing a judgment for delinquent maintenance and child support payments. We specifically determined that the mother was not seeking to re-divide property "but [was] instead attempting to collect a judgment for delinquent maintenance and child support payments." Here, by contrast, Husband was not attempting to enforce an interest in Wife's pension plan but was instead seeking to entirely alter the underlying judgment by requesting that the motion court eliminate Husband's interest in the pension plan and substitute his previously determined interest with a newly-created interest in Wife's 401(k).

*Seal* is equally distinguishable. In *Seal,* the western district determined that the circuit court properly entered a QDRO after the divorce decree was final to enforce a wife's rights in specific pension benefits created by the decree. 954 S.W.2d at 684. As the *Seal* court stated, "[t]he circuit court entered the QDRO to enforce division of pension benefits *as granted* to [Wife] in the decree." *Id.* (emphasis added). Indeed, the husband in *Seal* did not contend, as Wife does here, that the court's order granted additional benefits not agreed to in the property settlement. In this case, the decree provided Husband with no right to receive a share of Wife's 401(k). To the contrary, in the Agreement, Husband waived "any right, title or interest he may have in [Wife's 401(k) ] fund." Thus, the motion court erred in awarding Husband $20,000 from Wife's 401(k) "by way of a [QDRO]" where the underlying final decree created a right only to a $20,000 interest in Wife's pension plan. Point granted.

### Conclusion

The cause is remanded with directions to vacate the judgment and to dismiss Husband's Motion for lack of jurisdiction.

BOOKER T. SHAW, C.J., and MARY K. HOFF, J., concur.