**Melissa Ann YOUNG, Respondent,**

v.

**Nicholas Christopher YOUNG, Appellant.**

**No. ED 90723.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 25, 2008.

---

George E. Tillman, St. Charles, MO, for appellant.

Gregory J. Standeford, Town & Country, MO, for respondents.

KENNETH M. ROMINES, Judge.

### Introduction

This case concerns a trial courts authority to modify a dissolution decree in a divorce case. Specifically we determine whether the trial court had jurisdiction to award Wife damages and relieve her of her obligations under a Consent Judgment when Wife failed to satisfy the requirements of Rule 74.06. We find that the trial court lacked jurisdiction and therefore reverse.

### Factual and Procedural Background

On 2 April 2007, Husband and Wife presented the trial court with their Consent Judgment and Decree of Dissolution. In the Consent Judgment, Husband and Wife agreed Wife would refinance the mortgage on the former marital home and pay Husband $10,000 for his interest therein. They further agreed Husband would vacate the former marital residence by 5:00 p.m. on 6 May 2007 and would leave the property in a clean, sanitary and undamaged condition.

On 16 April 2007, Husband was arrested and charged with two felony counts of manufacturing methamphetamine in the former marital home. The manufacturing process caused extensive damage to and contamination of the property. On 18 September 2007, Wife filed two motions. One motion was to set aside the real estate clause of the Consent Judgment for fraud pursuant to Rule 74.06(b)(2). The other motion sought a substitute signature on the deed to the marital home pursuant to Rule 74.07. In her Rule 74.06 motion, Wife argues that Husband's manufacture of methamphetamine in the home caused extensive damage to the home when he delivered it to her and that Husband fraudulently concealed from Wife the manufacturing of the drug. In her motion Wife prayed that the court set aside the

Real Estate clause, sentence six (6) of the Consent Judgment.

A hearing on Wife's motions was held on 7 November 2007. Wife presented evidence that the cost of repairing the home to what it should have been had Husband not damaged it was $19,209.54. The court granted Wife's Rule 74.07 motion, authorizing her to transfer ownership of the former marital property into her own name. The court denied Wife's 74.06(b)(2) motion, holding that Wife did not prove actionable fraud. The court, however, *amended* Wife's prayer to conform to the evidence pursuant to Rule 55.33(b) and awarded Wife $19,209.54 for the cost of repairs to the home and relieved Wife of her obligation under the Consent Judgment to "buy-out" Husband's interest in the marital home. Husband appeals the trial court's judgment regarding Wife's Rule 74.06 motion to this Court.

### Standard of Review

■ We will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### Discussion

■ Husband brings four points on appeal. His first and third points deal with the court's authority under Rule 74.06 to award Wife damages and relieve her of her obligations under the Consent Judgment. Husband's second and fourth points concern whether the trial court properly amended Wife's prayer for relief pursuant to Rule 55.33. Because Husband's first point is dispositive, we address only that point here.

In his first point, Husband contests the trial court's jurisdiction to enter its 9 November 2007 judgment awarding Wife damages and relieving her of her obligations under the divorce decree. He argues that the trial court's order effectively modified a final dissolution decree which is not subject to modification pursuant to RSMo. Section 452.360.

It is undisputed that a court's order as it affects distribution of marital property shall be a final order not subject to modification. RSMo. Section 452.360.2; *Spicuzza v. Spicuzza*, 886 S.W.2d 660, 661 (Mo. App. E.D.1994). However, Rule 74.06 allows the decree of dissolution, as well as any division of property incorporated or included therein, to be set aside for one of the reasons set out in Rule 74.06(b), which reads in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic) . . ."

In the present case, Wife's motion sought to "set aside" sentence six (6) of the real estate clause of the Consent Judgment because of fraud. The trial judge, however, denied Wife's motion to set aside because Wife could not establish fraud. Instead, the court amended Wife's prayer for relief to conform to the evidence pursuant to Rule 55.33(b).[1] The court then

---

**1.** Rule 55.33(b) reads: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result

awarded Wife $19,209.54 and relieved Wife from her obligation under the Consent Judgment to "buy-out" Husband's interest in the marital home. Upon review of the record and applicable law, it is our opinion the trial court lacked jurisdiction to rule on the motion as it did, thus warranting reversal.

In *Spicuzza,* the appellate court considered whether the trial court had jurisdiction to rule on a movant's motion when movant failed to meet the specific requirements of Rule 74.06(b). 886 S.W.2d at 661–662. The *Spicuzza* court found that while Rule 74.06 allows "any division of property incorporated or included therein, to be set aside ... Rule 74.06 makes no provision for the amendment or modification of a judgment, or for relief from part of a judgment ..." *Id.* at 661.

Similarly, in *Settles v. Settles,* 913 S.W.2d 101 (Mo.App. S.D.1995), the appellate court found a trial court's judgment void and dismissed the appeal when the trial court modified but did not set aside an original decree of dissolution. *Id.* at 103–104. The *Settles* court recognized that while Rule 74.06 "enables the court to set aside a decree of dissolution and division of property for reasons specified in the rule ... Rule 74.06 makes no provision for amendment or modification of part of a judgment." *Id.*

Similar to the trial courts in *Spicuzza* and *Settles,* the trial court here lacked jurisdiction to rule as it did on Wife's motion to set aside. Wife failed to establish fraud. But even had Wife established fraud, Rule 74.06 only allows the trial court to then *set aside* the division of property. (emphasis added). Here, the trial court went well beyond the bounds of Rule 74.06 by awarding Wife damages and relieving her of her obligations under the Consent Judgment. Rule 74.06 does not provide for this type of modification of a judgment. Neither does Rule 74.06 provide for relief from *part of a judgment,* as was requested by Wife. (emphasis added).

### Conclusion

The trial court misapplied the law in its award favoring Wife. Rule 74.06 does not allow a trial court to modify an order of separation of marital property as the trial court did here. The trial court was thus without jurisdiction to award Wife damages and relieve her of her obligations under the Consent Judgment. We therefore reverse that part of the trial court's judgment. The part of the judgment authorizing Wife to transfer ownership of the former marital home into her name pursuant to Rule 74.07 remains intact.

REVERSED IN PART.

NANNETTE A. BAKER, C.J., and GEORGE W. DRAPER III, J., concur.

---

of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would cause prejudice in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."