**In re the Marriage of Mildred L. LYNCH, Respondent,**

v.

**William F. LYNCH, Appellant.**

**No. 46123.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 20, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Jan. 24, 1984.

---

Terry J. Flanagan, St. Louis, for appellant.

Charles P. Todt, Clayton, for respondent.

CRANDALL, Judge.

This case is an action brought by the respondent-wife (petitioner below) to dissolve a marriage of nearly twenty-seven years. The trial court dissolved the marriage, divided and disposed of the parties' separate and marital property, awarded primary custody of the minor children to the wife, and awarded her child support, maintenance, and attorney's fees. Appellant-husband (respondent below) seeks review of that portion of the decree which categorizes his vested but non-matured[1] pension plan as marital property and which divides it between the parties. We modify the decree and affirm it as modified.

The husband is employed as an insurance executive. His pension rights began to accrue when he began his employment with his company about eight and one-half years after the parties married. The pension plan is a "single life annuity" which provides that the benefit payable upon the husband reaching his normal retirement date (i.e., "the first of the month coinciding with or next following [his] 65th birthday") is calculated by first determining his highest average annual earnings for any five consecutive years during his final fifteen years of employment. That figure is then multiplied by the husband's "total benefit accrual rate" (benefits accrue at the rate of about two percent for each qualifying year of employment) and the product is the "annual normal retirement income." After a reduction in the amount equal to part of Social Security benefits received, the annual income is payable in equal monthly installments for as long as the husband lives. The husband must, however, survive to retirement age before his pension rights can mature and before any right to benefits survives him.

The plan also has several "alternate income options" which the husband may choose over the straight single-life annuity just described. Some of the options have survivorship features and each of them would pay the actuarial equivalent of the single-life annuity it replaces. As far as the record here shows, the husband has not chosen an alternative plan.

At the time the trial of this action commenced, the husband had worked for his company for about eighteen years, all of which were during the parties' marriage. His eligibility for early retirement benefits was imminent (December 19, 1982), though his normal retirement date was still about ten years off. His annual earnings for the five consecutive years ending with 1981 averaged $98,600. The trial court concluded that if the husband's employment were

---

1. [T]he term 'vested' ... refers to a pension right which is not subject to a condition of forfeiture if the employment relationship terminates before retirement.... [That is, it] survives the discharge or voluntary termination of the employee.
   [A] vested pension right must be distinguished from a 'matured' or unconditional right to immediate payment.... [A]n employee's right may vest after a term of service even though it does not mature until he reaches retirement age and elects to retire.
   *In re Marriage of Brown,* 15 Cal.3d 838, 842, 126 Cal.Rptr. 633, 635, 544 P.2d 561, 563 (banc 1976).

to terminate as of April 1982 (the date that the husband used to calculate the actuarial value of his benefits under the plan) he would receive approximately $2,600 per month as a single-life annuity upon reaching his normal retirement date.

■ The husband first contends that the trial court erred in finding any part of his pension rights to be marital property rather than his separate property, in that the pension rights had not matured and were subject to divestment on contingencies (i.e., his death before retirement). This argument is answered in *Kuchta v. Kuchta,* 636 S.W.2d 663 (Mo. banc 1982), wherein the Supreme Court held that the employed spouse's vested but non-matured pension benefits that had accrued during the parties' marriage were "properly considered [by the trial court] as marital property...." *Id.* at 666. To the same effect *see Wasson v. Wasson,* 657 S.W.2d 683, 684–85 (Mo.App.1983). The husband's first point is denied.

The husband next contends that if the pension plan is marital property, the trial court used an erroneous formula to divide it. The trial court awarded the wife "one-half of that portion of [husband's retirement benefits under the plan], when and if received, in the proportion determined by dividing the number of whole years of the marriage of the parties by the number of whole years that [husband] has been employed by [his employer], but not to exceed the factor of one." [2]

The husband attacks the formula's use of his post-dissolution employment in calculating the benefits eventually to be paid the wife. He contends that the formula awards the wife benefits earned after the

dissolution, which he would be entitled to retain as his separate property.

■ The most desirable result in a dissolution proceeding would be a full and final division of marital property without any contingencies. *Kuchta v. Kuchta,* 636 S.W.2d 665. This "immediate offset method" has as its virtues a final, equitable, immediate settlement of the issue. Troyan, *Pension Evaluation and Equitable Distribution,* 10 Fam.L.Rep. (BNA) No. 4, at 3001, 3006 (Nov. 22, 1983). This method of distributing a pension plan is not, however, realistic in every case. The trial courts, therefore, are "authorized to apply a flexible approach to accommodate the particular facts of each case," *Kuchta v. Kuchta,* 636 S.W.2d at 665, and they have "broad discretion to design 'some plan' protecting the rights and hopefully best interests of the parties." *Id.* at 666.

■ It is apparent the trial court adopted the "wait-and-see" approach,[3] to dividing the marital property in the husband's pension plan, a method which equally divides the risk that the pension will fail to mature. *Kuchta v. Kuchta,* 636 S.W.2d at 666; *see e.g. Weir v. Weir,* 173 N.J.Super. 130, 413 A.2d 638, 641 (1980); *In re Marriage of Skaden,* 19 Cal.3d 679, 688, 139 Cal.Rptr. 615, 619, 566 P.2d 249, 253 (1977). The record before us does not show that the trial court abused its discretion in attempting to effect this alternative, albeit more complex, method of dealing with the pension plan. We therefore hold that the award of part of the retirement benefits of the husband to the wife, when and if such benefits are received, satisfied the trial court's responsibility to justly divide the marital property under § 452.330, RSMo (1978).

---

2. Expressed more algebraically, the trial court awarded wife:

$$\frac{1}{2} \times \frac{\text{husband's monthly benefits}}{\text{when and if received}} \times \frac{\text{years of the parties' marriage}}{\text{years of husband's employment with the company at retirement}}$$

with the proviso that the value of the latter fraction cannot exceed 1.

3. Except for the erroneous numerator in the formula's latter fraction, which we note and

correct *infra,* the formula comports with the "time rule" for dividing such assets, *see e.g. In re Marriage of Judd,* 68 Cal.App.3d 515, 522, 137 Cal.Rptr. 318, 321 (1977), an approach favored when, as here, the employed spouse's total years of service is a "substantial factor" in computing the amount of retirement benefits. *In re Marriage of Poppe,* 97 Cal.App.3d 1, 8, 158 Cal.Rptr. 500, 504 (1979).

We turn now to the husband's specific attack on the formula used by the trial court. First he argues that the formula includes post-dissolution earnings. A pension is a form of deferred compensation attributable to the entire period in which it was accumulated. *Kuchta v. Kuchta*, 636 S.W.2d at 665. In this case the higher retirement benefits that may be realized by the husband by continued employment after the dissolution are made possible, in part, by his years of employment during the marriage. To preclude the wife from an opportunity to share in these increased benefits would be unjust and inequitable. The award to the wife of a portion of the whole benefits is, at this point, an award of rights, the value of which cannot be fixed with precision until they mature. A present division of those rights which allows the wife her share of their value, when and if they mature, does not award her after-acquired separate property of her former spouse. Rather, such a division on those conditions merely assures that the parties' qualitative parity of interest will be maintained and that their respective interests in the rights that the court divided will remain of equal stature. *See e.g. In re Marriage of Freiberg*, 57 Cal.App.3d 304, 127 Cal.Rptr. 792, 796 (1976). Appellant's point is denied.

The husband does point out a flaw in the formula used by the trial court. The numerator of the formula's latter fraction [4] would be correct only if the length of the marriage and the length of employment during the marriage coincide or are reasonably close. In this case, the husband was not employed by the company for the first eight and one-half years of his marriage. The formula used by the trial court must therefore be modified by changing the latter numerator from "years of the parties' marriage" to "years of husband's employment with the company during the marriage." The proviso that the fraction used could not exceed the factor of one is, in this case, surplusage.

4. See note 2, *supra*.

When an appellate court changes the disposition of marital property, it is often necessary to reverse and remand for the trial court to reconsider other portions of the decree in light of that change. *See e.g. Wansing v. Wansing*, 612 S.W.2d 55, 56 (Mo.App.1981). In this case, however, a remand is unnecessary. The trial court's intended disposition of the husband's pension plan is both evident and within its discretion to order, and our modification merely effects that intended disposition.

The decree of the trial court is affirmed as modified.

KAROHL, P.J., and REINHARD, J., concur.