**Paul M. NOCCHIERO, Appellant,**

v.

**Judy NOCCHIERO, Respondent.**

No. 74096.

Missouri Court of Appeals, Eastern District, Division Three.

April 20, 1999.

Neil John Bruntrager, Mary L. Bruntrager, Mary P. Schroeder, St. Louis, for appellant.

Susan Smith Frederick, St. Louis, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE and LAWRENCE E. MOONEY, JJ.

## MEMORANDUM DECISION

PER CURIAM.

Paul Nocchiero ("Husband") appeals the trial court's judgment as to the distribution of marital property. Husband claims as error: (1) that the evidence did not support the trial court's decision to award the wife seventy-seven percent of the marital property, and (2) that the trial court should not have used the "wait and see" method to distribute the Husband's pension benefits. We affirm.

On appeal, the trial court's division of the marital property must be sustained unless

---

there is no substantial evidence to it, unless it is against the weight of evidence, unless it erroneously applies the law, or unless the division exhibits a clear abuse of discretion. *Jensen v. Jensen,* 877 S.W.2d 131, 134 (Mo. App.E.D.1994). The standards for dividing marital property are flexible and appellate courts will not scour the record in order to second-guess the trial court's balance of equity. *In re Marriage of Pehle,* 622 S.W.2d 711, 713 (Mo.App.E.D.1981). The trial court divides the property in such proportion as the court deems just after considering all factors including: the economic circumstances of each spouse at the time of the division, the contributions of each spouse to the acquisition of the marital property, the value of the nonmarital property, the conduct of the parties, and the custodial arrangements for any minor children. Section 452.330 RSMo. (1994). Here, the economic circumstances of the spouses at the time of division are widely divergent, and we find substantial evidence to support the trial court's decision to award the wife seventy-seven percent of the marital property.

Secondly, the trial court did not abuse its discretion by using the "wait and see" method to distribute the pension. Under the "wait and see" method the court establishes a certain mathematical formula for the calculation of pension benefits to be paid to the non-working spouse. *Kuchta v. Kuchta,* 636 S.W.2d 663, 666 (Mo.banc 1982). The trial court has broad discretion to design "some plan" protecting the rights and best interests of the parties. *Wilk v. Wilk,* 781 S.W.2d 217, 223 (Mo.App.1989). The "wait and see" method is one of the methods the trial court has the discretion to use. *Lynch v. Lynch,* 665 S.W.2d 20,23 (Mo.App. E.D.1983).

An Opinion reciting the detailed facts and restating principles of law would have no precedential value. The judgment is in accordance with Rule 84.16(b)(1).