**Kimberly A. ANDERSON, Petitioner–Respondent,**

v.

**Daniel B. ANDERSON, Respondent–Appellant.**

**No. ED 78570.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 18, 2001.

Kieran J. Coyne, St. Louis, MO, for appellant.

Gregory S. Kessler, Elaine A. Pudlowski, for respondent.

MOONEY, Judge.

Daniel Anderson, Husband, appeals the trial court's judgment dissolving his marriage to Kim Anderson, Wife. Although Husband's appeal is largely meritless, he raises two allegations of error that require our consideration in a published opinion.[1] First, because a maintenance award entered pursuant to section 452.335 RSMo. (2000) cannot be retroactive, we modify the trial court's judgment and order that main-

---

1. Our review of the record on the remainder of Husband's points on appeal indicate that

no jurisprudential purpose would be served by a written opinion. However, the parties

tenance payments begin as of the date of dissolution of marriage. Second, we remand the child-support award for reconsideration. In part, we affirm the judgment as modified; in part, we reverse and remand.

The matter was tried on July 21, 2000. The trial court entered judgment on August 10, 2000, but awarded spousal maintenance retroactive to August 1, 2000. Husband filed a motion for reconsideration of the judgment, arguing that the trial court erred in: (1) awarding retroactive maintenance, (2) not taking into consideration Husband's payment of $2,500.00 to Wife on the date of trial to help meet her current expenses, and (3) incorrectly stating Husband's monthly health insurance premium for his minor children at $181.00. Husband's motion was denied; he appeals.

■ The standard of review on an appeal from a decree of dissolution of marriage is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Thus, we will affirm the trial court's order unless it is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. Id. Moreover, "[a]ll evidence and permissible inferences therefrom are considered in the light most favorable to the trial court's decision, and all contrary evidence and inferences are disregarded." *Chen v. Li*, 986 S.W.2d 927, 931 (Mo.App. E.D.1999).

Husband contends the trial court, in its judgment of August 10, 2000, erred in ordering him to pay spousal maintenance to Wife retroactive to August 1, 2000.

■ Section 452.335 authorizes an award of maintenance in a divorce decree. However, this section has been interpreted by Missouri courts to apply prospectively, not retrospectively. *Kessler v. Kessler*, 719 S.W.2d 138, 140 (Mo.App. E.D.1986). Therefore, as a matter of law, a maintenance award entered pursuant to section 452.335 cannot be made retroactive. *Ritter v. Ritter*, 920 S.W.2d 151, 154–155 (Mo. App. W.D.1996). Thus, the trial court erred in ordering Husband to begin paying maintenance to Wife as of August 1, 2000. Because Rule 84.14 gives our court the authority to enter such judgment as the trial court should have entered, we modify the maintenance award to begin as of the date of dissolution of marriage.[2]

Husband also argues that the trial court erred in finding that his monthly cost for providing health insurance coverage for his children was $181.00 because such finding was not supported by substantial evidence and was against the weight of the evidence. We agree.

Despite Husband's confusing trial testimony, the evidence indicates his employer deducted $181.00 biweekly, not monthly, for health insurance costs. Therefore, we remand the trial court's child-support award so the court may consider the correct cost incurred by Husband to provide children with adequate health insurance coverage. *See King v. King*, 865 S.W.2d 403, 405 (Mo.App. E.D.1993).

In part, we affirm the judgment as modified; in part, we reverse and remand.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.

■

---

have been furnished with a memorandum opinion for their information only, setting forth the reasons for our decision pursuant to Rule 84.16(b).

**2.** Because we disallow the payment of retroactive spousal maintenance to Wife, we find no abuse of discretion in the trial court's treatment of the $2,500.00 payment made by Husband to Wife at the time of trial to cover her reasonable expenses.