**Margaret Ann NOHR, Respondent,**

v.

**Thomas George LeFAIVRE, Appellant.**

**No. ED 86243.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Sept. 12, 2006.

Craig A. Johnston, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Jefferson City, MO, for respondent.

ROY L. RICHTER, Judge.

Thomas George LeFaivre ("LeFaivre") appeals the trial court's judgment awarding his ex-wife, Margaret Ann Nohr ("Nohr"), the amount of $693.05 per month from his Missouri State Highway Patrol pension. We affirm as modified.

### Facts

The marriage of Margaret Ann Nohr and Thomas George LeFaivre was dissolved on 20 December 1982. On 6 January 1988, the Circuit Court of Ste. Genevieve County, Hon. James H. Kelly, entered an Order pursuant to Nohr's action in equity to divide the parties' re-

maining marital assets. These assets included LeFaivre's retirement benefits under the Missouri State Highway Patrol Retirement System, which were not yet vested. With respect to these retirement benefits, the Circuit Court ordered: "Upon [LeFaivre's] retirement, [LeFaivre] shall pay to [Nohr] each month from the pension benefits which [LeFaivre] shall receive from [Patrol] an amount computed as: one-half times (×) [LeFaivre's] monthly benefit times (×) the years of [LeFaivre's] employment during the marriage divided by the years of [LeFaivre's] total employment."[1] This method of pension division is the same used in *Lynch v. Lynch,* 665 S.W.2d 20 (Mo.App. E.D.1983), and we will refer to it as the *Lynch* method.

The Circuit Court added: "This award ... shall only be paid if and when received each month by [LeFaivre]. This award shall act as a judgment lien upon the monthly benefits of [LeFaivre] if and when received by him."

LeFaivre retired 1 August 2003, and disbursement of his $3,422.47 monthly pension benefit began 1 September 2003. Using the *Lynch* formula set forth in the 1988 judgment, Nohr's portion of LeFaivre's monthly benefit would be $693.05 per month. The Patrol used the method required by section 104.312[2], which was passed in 1992. Under this method, Nohr received 50% of the monthly benefit that accrued while the parties were married: $193.77 per month.

Nohr, not satisfied with the $193.77 monthly benefit, filed a Second Amended Motion to Enforce Judgment, to which Le-

Faivre responded with a Motion for Declaratory Judgment. On 28 March 2005, Judge Kelly entered a Judgment that enforced his 1988 Order, and directed LeFaivre to pay Nohr $693.05 per month.

### Standard of Review

Because statutory construction is a matter of law, our standard of review is *de novo.* *Delta Air Lines, Inc. v. Director of Revenue,* 908 S.W.2d 353, 355 (Mo. banc 1995).

### Discussion

LeFaivre argues that the Circuit Court erred when it enforced its 1988 Order and used the *Lynch* method to divide his monthly pension benefit. LeFaivre contends that the Patrol properly applied the distribution method established by section 104.312. LeFaivre also claims the Court lacked authority to enforce its 1988 Order because, when it was entered, pension benefits were not subject to other claims and were unassignable under section 104.250. Even though this statute was amended in 2002 to subject retirement payments to spousal maintenance claims, LeFaivre claims this amendment only applies to the extent allowed by section 104.312 RSMo [1992] as amended in 1994—accordingly, Nohr is only entitled to $193.77 per month.[3]

### The 1988 Order

■ In 1988 the applicable version of section 104.250.2 stated as follows: "[a]ny annuity, benefits, funds, property, or rights created by, or accruing to, any per-

---

1. This method can be reduced to a simple mathematical formula:

   $\frac{1}{2}$ × [(years employed during marriage) ÷ (years of total employment)].

2. All statutory references are to RSMo (2000), unless otherwise indicated.

3. Nohr argues that principles of *res judicata* preclude this court from reconsidering the 1988 Order. However, because we find that the 1988 Order was entered without jurisdiction, *res judicata* does not apply.

son under the provisions of sections 104.010 to 104.270 ... shall not be subject to execution, garnishment, attachment, writ of sequestration, or any other process or claim whatsoever, and shall be unassignable." At the time Judge Kelly awarded Nohr a portion of her ex-spouse's pension plan, pension plans under section 104.250.2 were not marital property. There was no authority in 1988 to grant Nohr an interest in LeFaivre's pension. We may reconsider the division of LeFaivre's pension.

### The 2005 Judgment

In 1992, the Missouri legislature enacted section 104.312, which declared pensions to be marital property and provided that after August 28, 1994, a court of competent jurisdiction could divide the pension in a dissolution of marriage action. The statute sets forth the formula for pension benefit division of State employee pensions. Using this method, the alternate payee's monthly payment "shall be expressed as a percentage and which shall not exceed fifty percent of the amount of the member's annuity accrued during all or part of the time while the member and alternate payee were married; and which shall be based on the member's vested annuity on the date of the dissolution of marriage...." Section 104.312.1(3).

Thus, Nohr did not have an interest in LeFaivre's pension until section 104.312 was enacted in 1992. Section 104.312 dictates the applicable method for dividing the employee's pension as marital property. Regardless of what the 1988 Order declares, the Missouri legislature requires courts to use the formula set forth in section 104.312. Application of this formula leads us to conclude that the retirement system properly calculated Nohr's monthly payment at $193.77.

The judgment is affirmed as modified and the retirement system shall pay Nohr $193.77 per month as directed by section 104.312.

GLENN A. NORTON, C.J. and KENNETH M. ROMINES, J., Concur.