

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JON RISCHER, GREG RISCHER, and<br>BRAD RISCHER, | ) | |
| | ) | |
| | ) | |
| Respondents, | ) | **WD78149** |
| | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | **September 1, 2015** |
| | ) | |
| PATRICIA SUE HELZER, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Nodaway County, Missouri**
**The Honorable Roger M. Prokes, Judge**

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Lisa White Hardwick and Anthony Rex Gabbert, Judges

Patricia Helzer appeals the trial court's determination that her agreement to turn over any interest in her former husband's ("Father") pension benefits to his sons from his first marriage was enforceable. We affirm.

## Background

Father worked for the State of Missouri, as a professor at Northwest Missouri State University. Father retired from the University in the early 1990s, following the death of his first wife, and began collecting benefits from the Missouri State Employees Retirement System

("MOSERS").  Several years later, in 1997, Father married Helzer.  Father identified Helzer as the sole beneficiary for any survivor benefits from the MOSERS plan.  Four years later, in 2001, Father and Helzer separated and filed for dissolution of marriage.

Father and Helzer entered into a separation agreement, in which all of the parties' assets were divided.  As to Father's pension benefits, the separation agreement provided that, in the event Father died before Helzer, she agreed to set up a bank account in the name of Father's three sons:  Jon, Brad and Greg Rischer (collectively "the Rischers").  The agreement further required Helzer to place all MOSERS benefits she received as Father's beneficiary into the bank account.  One of the sons agreed to pay to Helzer an amount equal to any taxes owed on the MOSERS benefits.  Father and Helzer filed the separation agreement with the circuit court ("dissolution court") and asked the court to approve it.  The parties agree that, following a hearing, the dissolution court found that the separation agreement was not unconscionable and incorporated it into the court's dissolution decree.  The court dissolved Father and Helzer's marriage on September 26, 2001.  Neither party appealed the dissolution judgment.

Father passed away on April 5, 2013, and the following month, Helzer began receiving MOSERS survivor benefits of approximately $2,500 per month.  When Helzer refused to comply with the terms of the separation agreement and judgment regarding the MOSERS benefits, the Rischers filed a two-count petition seeking specific performance of the separation agreement and dissolution judgment, or, in the alternative, a constructive trust requiring Helzer to deposit a sum equal to the amount of past and future MOSERS benefit payments into a bank account in the name of the Rischers.  Helzer raised a number of affirmative defenses, including that the separation agreement was unenforceable in that it was contrary to MOSERS provisions and void

2

as a matter of law. The circuit court entered a judgment holding that the agreement was enforceable and ordering specific performance. Helzer timely appealed.

## Standard of Review

Our review in a judge-tried civil case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). "[T]he . . . judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id*. at 32. "We defer to the trial court's determinations regarding witness credibility and view the evidence and inferences drawn therefrom in the light most favorable to the judgment." *Story v. Story*, 452 S.W.3d 253, 254 (Mo. App. E.D. 2015).

## Analysis

On appeal, Helzer claims that the circuit court committed reversible error in that: (1) the separation agreement is invalid and unenforceable because Missouri statutes do not allow the transfer of MOSERS survivor benefits and because the transfer of benefits is against public policy; and (2) the trial court lacked authority to enforce such a plan. Rejecting both claims, we affirm.

### A. Helzer's claims that the separation agreement's treatment of MOSERS survivor benefits is contrary to law and public policy are barred by the doctrine of res judicata.

Helzer argues that the separation agreement's treatment of MOSERS benefits violates two separate statutes, § 104.540 and § 434.301,[1] and is contrary to public policy, rendering that provision of the agreement unenforceable. These claims are barred by the doctrine of res judicata.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise noted.

Under § 104.540.2, "[a]ny annuity, benefits, funds, property, or rights created by, or accruing or paid to, any person under" a MOSERS benefit such as the one that Father earned, "shall not be subject to execution, garnishment, attachment, writ of sequestration, or any other process or claim whatsoever, and shall be unassignable," outside of exceptions not applicable here. Helzer claims that the agreement to pay the pension funds to the Rischers constitutes an "assignment," rendering the separation agreement unlawful.

Section 434.301, a statute enacted in 2014 in HB 1217, 2014 Mo. Legis. Serv. 93 (West), provides that:

> 1. The right of any person to a plan benefit shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under a plan shall be subject to execution, levy, attachment, garnishment, or other legal process. . . .

> 2. A pension assignee shall not use any device, scheme, transfer, or other artifice to evade the applicability and prohibition of this section, including the deposit of such plan benefits into a joint account with a pension assignee or the authorization to a pension assignee under a power of attorney or other instrument or document to access an account or otherwise obtain funds from an account to which plan benefits have been deposited.

Helzer argues that the separation agreement mandates the transfer or assignment of benefit funds to a non-benefit recipient and that it is the type of "scheme" § 434.301 prohibits. Helzer also argues that the separation agreement is null, void, and unenforceable as a matter of law because its assignment of benefits is against public policy.

The parties agree that the 2001 dissolution decree found the separation agreement not to be unconscionable, approved the agreement, and incorporated its terms into the court's judgment. Helzer's claims regarding enforceability disregard settled Missouri law that "a judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in

4

respect to its validity or binding effect in any collateral proceeding." *La Presto v. La Presto*, 285 S.W.2d 568, 570 (Mo. 1955); *In re Marriage of Cornella*, 335 S.W.3d 545, 556 (Mo. App. S.D. 2011) ("a judgment rendered by a court with jurisdiction over the parties and subject matter is not open to collateral attack with respect to its validity or the conclusiveness of the matters adjudicated").

"Res judicata, or claim preclusion, . . . precludes the parties or privities from later bringing claims arising from the same set of facts *that could or should have been pursued* in the prior action," and "unequivocally applies to a defense that a defendant failed to raise in the prior action." *Xiaoyan Gu v. Da Hua Hu*, 447 S.W.3d 680, 687, 688 (Mo. App. E.D. 2014). "The doctrine of res judicata applies to dissolution actions as to all property addressed within the original decree." *In re Marriage of Rolfes*, 187 S.W.3d 355, 357 (Mo. App. S.D. 2006). "When the court finds the separation agreement to be conscionable, the terms of a separation agreement are binding on the trial court except as they relate to the care and support of children." *Id.*; § 452.325.2. "With those exceptions, the court does not retain the power to modify the terms of the separation agreement, which is incorporated into a judgment and decree of dissolution." *Id*. A trial court's final order "'as it affects distribution of marital property shall be a final order not subject to modification.'" *Kolar v. Kolar*, 114 S.W.3d 440, 442 (Mo. App. W.D. 2003) (quoting § 452.330.5); § 452.360.2 ("The court's judgment of dissolution of marriage or legal separation as it affects distribution of marital property shall be a final judgment not subject to modification.").

Here, the parties agree that the dissolution court entered judgment approving Father and Helzer's separation agreement on September 26, 2001. The argument that the separation agreement's treatment of MOSERS survivor benefits was contrary to law and public policy was

readily apparent at the time that the parties asked the court to approve it. Indeed, Helzer points to Father's testimony from the 2001 hearing acknowledging on the record his understanding that "the State of Missouri will not allow you . . . to remove a spouse's name from the survivor's benefits." If the agreement, as incorporated into the judgment, was invalid, Helzer's "remedy [was] by appeal," not subsequent collateral attack on a specific provision of the separation agreement. *Cornella*, 335 S.W.3d at 556; *Rolfes*, 187 S.W.3d at 358 (where judgment is final and not appealed, no provision provides for relief from part of a judgment). Once Helzer chose not to appeal, "the judgment was final and res judicata to all property with which it dealt." *Id*. at 357.

In addition, as noted previously, § 434.301 was enacted years after the judgment of dissolution was entered. Helzer cites no authority for the proposition that a statute enacted after a judgment was entered can invalidate the earlier judgment. "[A]n appellant is required to provide relevant and available legal authority in the argument or explain why such authority is not available." *Moseley v. Grundy Cty. Dist. R-V Sch.*, 319 S.W.3d 510, 513 (Mo. App. E.D. 2010).

Rather, ignoring the res judicata effect of the dissolution court's approval of the separation agreement, Helzer focuses on the bar against retrospective laws, arguing that the bar on retrospective laws is not applicable here because the Rischers did not have any "vested rights" in Father's pension at the time that the law was enacted. In support of this argument, Helzer points out that, had she passed away before Father, the Rischers would not have been entitled to any survivor benefits. But Helzer's argument fails for two reasons. First, "[t]he law bars the retrospective application of the laws to cases that have achieved final resolution." *Strait v. Treasurer of the State of Mo.*, 257 S.W.3d 600, 602 (Mo. banc 2008). Second, even if there had

6

been no judgment approving and incorporating the separation agreement, Helzer's vested-rights argument would fail because it ignores the fact that Father died in 2013, and § 434.301 was not enacted until the following year. Thus, the Rischers' rights under the agreement were vested before § 434.301 took effect.[2]

As noted *supra*, a judgment may be subject to collateral attack if it is void because it was rendered by a court lacking jurisdiction over the parties or the subject matter. *La Presto*, 258 S.W.2d at 570; *Cornella*, 335 S.W.3d at 556. While Helzer does not argue that the dissolution court lacked jurisdiction to enter a judgment addressing Father's MOSERS benefits, she does cite *Nohr v. LeFaivre*, 201 S.W.3d 72, 73-74 (Mo. App. E.D. 2006). In *Nohr*, the Eastern District held that the court could "reconsider the division of . . . pension" benefits, years after the original decree became final, where the court rendering the decree lacked statutory authority to divide an interest in the pension. *Id*. The court determined that res judicata did not apply to the initial dissolution order because the dissolution court was "without jurisdiction" to divide the pension. *Id*. at 73 n.3. We believe this to be an example of a case decided prior to *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), in which the court "confused the concept of a circuit court's jurisdiction—a matter determined under Missouri's constitution—with the separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case." *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473, 477 (Mo. banc 2009); *Webb*, 275 S.W.3d at 254 ("Because the authority of a court to render judgment in a particular case is, in actuality, the definition of subject matter jurisdiction, there is no constitutional basis" to treat a statutory bar to a court granting relief as affecting the court's subject matter jurisdiction.). Even if the dissolution court lacked authority to enter the

---

[2] Helzer has never argued or suggested that the Rischers lack privity with Father. Generally, the children of a party to a separation agreement are entitled to sue to enforce the agreement. *See In re Estate of Remmele*, 853 S.W.2d 476, 481-82 (Mo. App. W.D. 1993).

7

dissolution decree addressing MOSERS pension benefits—a conclusion we need not and do not reach—the dissolution court would not lack jurisdiction.

Res judicata applies and bars Helzer's claims based upon §§ 104.540 and 434.301 and public policy.

**B.      The circuit court did not lack authority to address the enforceability of the separation agreement and judgment of dissolution.**

Helzer argues that the Rischers failed to exhaust their administrative remedies with the MOSERS Board of Trustees, and, as a result, the circuit court lacked the authority to address the Rischers' action to enforce the separation agreement or dissolution judgment as it relates to MOSERS benefits.   But "the obligation to exhaust administrative remedies applies only to 'contested cases.'  A 'contested case' is defined by section 536.010(4) as 'a proceeding before an agency in which legal rights, duties or privileges of specified parties *are required by law* to be determined after hearing.'"  *Coleman v. Mo. Sec'y of State*, 313 S.W.3d 148, 154 n.5 (Mo. App. W.D. 2010) (emphasis added).   Helzer points to no law either requiring MOSERS to hold a hearing or providing for any administrative remedies that the Rischers failed to exhaust.[3]

Helzer also argues that the circuit court lacked authority to enforce the separation agreement because it is a void contract that the courts will not aid in enforcing.  Helzer cites the

---

[3] While Helzer's first point relied on alleges that the circuit court lacked "authority" to address the enforceability of the agreement because of the alleged failure to exhaust administrative remedies, in the argument portion of her brief she argues that the circuit court lacked "jurisdiction."  While we generally will address only those issues raised in a point relied on, *Kabir v. Mo. Dep't of Soc. Servs.*, 845 S.W.2d 102, 103 (Mo. App. W.D. 1993), here we note that:

> while it is true that the failure to exhaust administrative remedies has historically been characterized as an issue of subject matter jurisdiction, the Missouri Supreme Court clarified in *Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), and *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473 (Mo. banc 2009), that Missouri trial courts have subject matter jurisdiction over all cases and matters, civil and criminal.  Mo. Const. art. V, sec. 14; *McCracken*, 298 S.W.3d at 477.  The issue is not one of subject matter jurisdiction, but rather whether there is a bar to the trial court's authority to hear a case.  *See Edoho v. Board of Curators of Lincoln Univ.*, 344 S.W.3d 794, 797-98 (Mo. App. W.D. 2011).

*Whithaus v. Curators of Univ. of Mo.*, 347 S.W.3d 102, 104 (Mo. App. W.D. 2011).

general rule that where such a void "contract was fully executed on both sides . . . it is a well-established general rule that neither party will be aided in recovering that which has been parted with under the agreement. The courts will leave such parties where they have placed themselves." *Murray v. Murray*, 293 S.W.2d 436, 441 (Mo. 1956). Even assuming that a portion of the settlement agreement is contrary to law, Helzer misunderstands the cases and doctrine upon which she relies.

It is true "'that neither party to an [illegal] agreement that has been executed on both sides will be aided in recovering what has been parted with under the agreement.'" *Interstate Agri Servs., Inc. v. Bank Midwest, N.A.*, 982 S.W.2d 796, 800 (Mo. App. W.D. 1998) (quoting *Gardine v. Cottey*, 230 S.W.2d 731, 740 (Mo. banc 1950)). In *Murray*, upon which Helzer relies, for example, the parties entered into "an agreement designed to bring about and promote a divorce," which the court held "the public policy of this state requires [] be adjudged void." 293 S.W.2d at 441. In other words, the entire agreement, by nature of its subject matter, was void. When the "subject or purpose of a contract concerns the doing of an illegal act or is against the public policy of the state, the contract will not be enforced by the courts." *Interstate Agri Servs., Inc.*, 982 S.W.2d at 800.

The subject matter of the separation agreement was merely to come to an equitable agreement as to the distribution of Father and Helzer's assets in their divorce proceeding, which the trial court approved. There is nothing unlawful or against public policy about such agreements. Rather, they are specifically allowed by statute. § 452.325. Helzer points us to no authority implying otherwise.

In addition, Helzer's argument that the circuit court lacked authority to enforce the separation agreement because the *separation agreement* was void, ignores the fact that the

9

agreement was approved by, and incorporated into, the *previous judgment*. For the reasons discussed *supra*, the dissolution court's judgment is final and is not subject to collateral attack. There is no basis to hold that the circuit court lacked authority to respect the dissolution court's judgment. To hold otherwise would create a new mechanism by which a dissatisfied party could collaterally attack a judgment that is otherwise protected by the doctrine of res judicata.

Helzer's points are denied.

## Conclusion

Because Helzer's claims regarding the separation agreement's treatment of MOSERS survivor benefits are barred by the doctrine of res judicata and the trial court has the authority to enforce the agreement, the trial court's judgment is affirmed.

_____
Karen King Mitchell, Presiding Judge

Lisa White Hardwick and Anthony Rex Gabbert, Judges, concur.